IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAMERON LUKE, | § § | |
| Plaintiff, | § § § | |
| v. | § § | 1:20-CV-388-RP |
| LEE COUNTY, COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT, LEE COUNTY, and SAN JACINTO COUNTY, TEXAS COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT, | § § § § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Dustin Howell concerning Defendants Lee County, et al.'s ("CSCD") Motion to Dismiss, (Dkt. 55). (R. & R., Dkt. 64). Both parties timely filed objections to the report and recommendation. (Objs., Dkt. 66, 67).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because the parties timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules the parties' objections and adopts the report and recommendation as its own order.

The Court agrees in full with the magistrate judge's analysis as to abrogation and availability of emotional distress damages under Title II. Because the report and recommendation did not discuss expectation damages, the Court addresses that claim separately.

1

As to expectation damages, the Court finds that Luke's claims narrowly survive the pleading stage. District courts are split on the availability of expectation damages post-*Cummings*. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). Several district courts have allowed claims for expectation damages to proceed. *See Montgomery v. D.C.*, No. CV 18-1928 (JDB), 2022 WL 1618741, at *24 (D.D.C. May 23, 2022); *Wade v. Univ. Med. Ctr. of S. Nev.*, No. 2:18-cv-01927-RFB-EJY (D. Nev. Feb. 21, 2023) (Order, Dkt. 56, at 5–6); *Chaitram v. Penn Med.-Princeton Med. Ctr.*, No. 21-17583 (MAS) (TJB), 2022 U.S. Dist. LEXIS 203676, at *5 (D.N.J. Nov. 8, 2022). However, at least two district courts have ruled against expectation damages as an alternative to emotional distress damages. *See Fantasia v. Montefiore New Rochelle*, No. 19 CV 11054 (VB), 2022 U.S. Dist. LEXIS 107935, at *4–8 (S.D.N.Y. June 16, 2022); *Hejmej v. Peconic Bay Med. Ctr.*, No. 17CV782JMASIL, 2022 WL 4551696, at *1 n.3 (E.D.N.Y. Sept. 29, 2022).

Citing *Fanstasia* and *Hejmej*, CSCD makes two arguments: (1) that expectation damages are an impermissible rebrand of emotional distress damages and (2) that the damages are not capable of calculation. *Fantasia*, 2022 U.S. Dist. LEXIS 107935, at *4, *Hejmej*, 2022 WL 4551696, at *1 n.3; (Defs.' Reply, Dkt. 58, at 9). As to the first argument, whether expectation damages are "workarounds" to *Cummings* does not necessarily render them unavailable as a matter of law. A party's expectation losses are not necessarily the same as their emotional distress. The holding of *Cummings* was that courts should examine whether a remedy is "traditionally, generally, or normally available for contract actions." *Cummings*, 142 S. Ct. at 1572 (quoting *Barnes v. Gorman*, 536 U.S. 181, 187-88 (2002)) (cleaned up). Just as it is "hornbook law" that emotional distress damages *are not* available for contracts, it is "hornbook law" that expectation damages *are* available for contracts. *See* Restatement (Second) of Contracts § 347 cmt. A (Am. L. Inst. 1981) ("Contract damages are ordinarily based on the injured party's expectation interest and are intended to give him the benefit of his bargain by awarding him a sum of money that will, to the extent possible, put him in as good a

position as he would have been in had the contract been performed."); *see also* Richard A. Lord, 24 Williston on Contracts § 64:1 & nn.8–10 (4th ed. 2022) (collecting cases noting the availability of benefit-of-the-bargain damages in contract cases); *Montgomery*, 2022 WL 1618741 at *25 (same). CSCD argues that "no reasonable entity would think that, by accepting federal funds, it opened itself up to dignitary and expectation damages of the type Luke asserts here." (Mot. Dismiss, Dkt. 55, at 20).[1] But notice under *Cummings* is defined by the availability of the remedy in contract. By entering into a "contract" under Title II remedies, CSCD was on notice that it could potentially be liable for standard contractual remedies.

Second, CSCD argues that even if expectation damages are available, they are not capable of calculation as required by contract common law. (Defs.' Reply, Dkt. 58, at 9). This argument may prove meritorious, but it is procedurally premature. In general, recovery under expectation damages is limited to "an amount that the evidence permits to be established with reasonable certainty." Restatement (Second) of Contracts § 347. The reasonable certainty inquiry is a question of fact and is therefore too early to determine at the dismiss stage. *See Hector Martinez & Co. v. S. Pac. Transp. Co.*, 606 F.2d 106 (5th Cir. 1979). Drawing all inferences in favor of Luke, we cannot find it implausible that all his expectation damages are incapable of reasonable certainty. While certain losses may be incapable of quantification, other instances, such as loss of employment through prolonged confinement, may result in damages that are capable of calculation. At the pleading stage, each subset of damage does not need to be pled with specificity or directly supported with evidence. It would therefore be premature at the Rule 12 stage, drawing all inferences in Luke's favor, to assume that all his expectation damages are incapable of calculation. Overall, the Court finds that while

---

[1] CSCD cannot, on the one hand, insulate itself from intuitive remedies by claiming that they are unavailable under contract law but also insulate itself from contractual remedies because those are unintuitive. Because expectation damages are a standard contractual remedy, CSCD had notice by definition under *Cummings*. CSCD's argument is valid in that expectation damages are an unintuitive and seemingly inapplicable remedy for ADA violations. But that concern is addressed by the fact that expectation damages must be quantifiable, which limits the remedies to those more commonly available in contract law.

expectation damages are unlikely to prove quantifiable at a later stage of litigation, they are not barred as a matter of law.

The Court **ORDERS** that the report and recommendation of United States Magistrate Judge Dustin Howell, (Dkt. 64), is **ADOPTED**.

**IT IS FURTHER ORDERED** that CSCD's motion to dismiss, (Dkt. 55), is **DENIED** as to their sovereign immunity and expectation damages defenses but granted as to Luke's claims for emotional distress damages under Title II.

Luke's claims for emotional distress damages under Title II are **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that the parties submit an updated proposed scheduling order on or before **October 4, 2023**.

**SIGNED** on September 20, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE